## CUMBERLAND COLLEGE v. ISH.

A NOTE was executed by the defendant, payable to " the Board of Trustees of the Sonoma Academy or their successors in office," and specified that "no change in the name, character, or management of the said academy" should affect the liability of the payer. The complaint of the " Cumberland College" stated that the plaintiff was a corporation, and the same institution of learning formerly known as the " Sonoma Academy ;" that the academy was, after its establishment, changed to " Cumberland College," and that the note was the property of the plaintiff: *held*, that this complaint showed a good cause of action in the plaintiff, and that a demurrer to it was improperly sustained.

APPEAL from the Seventh Judicial District.

The facts are stated in the opinion.

*Harman & Hartley*, for Appellant.

I.   The note is payable to the " Board of Trustees of the Sonoma Academy, or their successors in office." The complaint avers that, " Cumberland College," plaintiff, is the same institution of learning that was formerly known as the Sonoma Academy, and the same mentioned in the promissory note hereinafter described. That is to say, the plaintiff here is in fact the payee of the note. Clearly this is sufficient. It is not a mere question of technical successorship. The original payee now sues under a new name, and it is competent to do this.   (Angell & Ames on Corp. 581, bottom, 586.)

II.   The objection here is not good on demurrer, but only in abatement.   (Id.)

III.   The note reads : " No change in the name, character, or management of the said academy shall affect the liability to pay this note ;" and the complaint avers that " Sonoma Academy was established and afterwards changed to Cumberland College, and that said note is the property of Cumberland College." Here is a distinct liability, not to the technical successors, but to the Sonoma Academy under any new name.  The complaint avers the new name to be " Cumberland College," and that the note is its property.

*Whitman & Wells*, for Respondent.

The whole question before the Court turns upon a conclusion of law, and that is, the identity of the plaintiffs with the payees of the note in suit.  It is an averment false in law, that the plaintiffs, or the corporation they represent, are identical with the payees of the note, or their successors in office, or the Sonoma Academy.  Such cannot be the case.  There is no law of this State, or there was none at the time of making the note sued on, providing for or allowing the incorporation of academies.  It is only by virtue of statutory enactments that individuals can sue in a corporate capacity. The note was given to individuals, though unnamed, and as individuals, they must have sued and must sue now ; and the present plaintiffs, if they occupy the position they assume, must sue as individuals, and not in a corporate capacity.  The plaintiffs do not

allege that they sue as indorsers, trustees, or transferees of the original payees, but because Cumberland College is the same institution as Sonoma Academy, and they represent Cumberland College.

Again, the note is made payable to the Trustees of Sonoma Academy, or their successors in office. . Are the plaintiffs the same individuals who were formerly the Trustees of Sonoma Academy ? If so, it devolves upon them to plead it. Are the plaintiffs the successors in office of the Trustees of Sonoma Academy ? This is a legal impossibility, for the office is different ; the former having no right to sue, and no liability to be sued in corporate name—the latter having that privilege and liability by fact of statute. The Trustees of Sonoma Academy could have no standing in Court, except as individuals ; their successors in office could have no other different or higher rights. The note provides that " no change in the name, character, or management of the said academy shall affect the liability to pay this note." Granted ; but the question here is, not of defendant's liability to pay the note as provided therein, but of his liability to pay it under the present demand. He may be liable to pay it to the plaintiff as individuals, but not as representatives of a corporation, as the pleadings stand.

Admit that a corporation may collect, as trustee for individuals, demands due those individuals ; still that is not the case at bar. The claim to collect is here based upon identity of being, and the pleadings show that there is no such identity.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action upon a promissory note executed by the defendant in the following words : " Ten years after date I promise to pay to the Board of Trustees of the Sonoma Academy, or their successors in office, as a permanent endowment fund, the sum of five hundred dollars, with twelve and one-half per cent. per annum interest from date until paid, the interest payable annually ; and if not so paid, or within twenty days after each installment becomes due as above, then the whole amount, principal and interest, becomes due and payable at the option of the holders thereof. The above is in

consideration of the establishment of said Sonoma Academy. No change in the name, character, or management of the said Academy shall affect the liability to pay this note. Suisun, California, September 19th, 1860." The plaintiffs aver that they are a corporation; that they are the holders of the note, and that " Cumberland College " is the same institution of learning that was formerly known as the " Sonoma Academy" mentioned in the promissory note. They also aver that Sonoma Academy was established and afterwards changed to Cumberland College, and that the note is the property of Cumberland College. The defendant demurred to the complaint; the Court sustained the demurrer; the plaintiffs waived the right to amend, and final judgment was rendered for the defendant, from which the plaintiffs appeal.

It is insisted that the complaint does not show that the plaintiffs have any interest in the note which will entitle them to maintain this action; that they are not " successors in office " of the Trustees of Sonoma Academy; that the Cumberland College cannot in law be the same institution as the Sonoma Academy, and that the Sonoma Academy was not and could not be a corporation, as Cumberland College is. We do not think these objections tenable. Whether the Sonoma Academy was a corporation or not, we do not conceive can make any difference. We see no reason why a corporation may not have been formed, under the laws of this State, with that name. Under the peculiar terms of the note, it is due and payable to the institution then known as the Sonoma Academy, whatever change in the name, character, or management of the Academy might be made. The complaint avers that a change was made in the name from Sonoma Academy to Cumberland College, and thus the right to recover upon the note vested in the institution under its new name, by the special agreement of the defendant set forth in the note itself.

The judgment of the Court below is reversed, and the defendant is allowed ten days, from the service of notice of the filing of the *remittitur* in the Court below, to answer the complaint.